Filed 1/12/22  P. v. Tunstall CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ROBERT WILLIAM TUNSTALL,<br><br>        Defendant and Appellant. | A161231<br><br><br>(Solano County Super. Ct.<br>No. FC11624) |

**MEMORANDUM OPINION**[1]

Robert William Tunstall appeals from the trial court's denial of his petition for resentencing brought pursuant to section 1170.95.  As relevant here, Tunstall argues — and the Attorney General concedes — the order must be reversed and the matter remanded for a new hearing under section

---

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1, reciting only those facts necessary to resolve the issue raised.  Undesignated statutory references are to the Penal Code.  We deny Tunstall's request for judicial notice as unnecessary.  By separate order filed this date, we dismiss as moot Tunstall's petition for writ of habeas corpus (case No. A164036).

1

1170.95, subdivision (d)(3), as amended by Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775). We accept the Attorney General's concession and reverse and remand.

In July 1976, Tunstall — then 18 years old — aided and abetted a robbery that left one woman dead and another severely wounded. The prosecution charged Tunstall and a codefendant, David Joel Day, with first degree murder, attempted murder, and two counts of robbery. The prosecution alleged firearm enhancements. After the preliminary hearing, Day pled guilty to murder and one count of robbery; the trial court subsequently struck the firearm allegations. The case proceeded against Tunstall. At trial, numerous witnesses, including Tunstall, testified; a jury convicted Tunstall of first degree murder and two counts of robbery. In late 1976, the trial court sentenced Tunstall to life in prison with the possibility of parole. A division of this court affirmed. (*People v. Tunstall* (Sept. 21, 1977, 16456) [nonpub. opn.] (*Tunstall I*).)

In late 2018 — after serving more than 40 years in state prison — Tunstall petitioned to vacate the murder conviction and for resentencing under section 1170.95. The trial court appointed counsel and subsequently issued an order to show cause. The hearing on the petition took place in September 2020, having been delayed while the parties litigated the constitutionality of the statute, and due to various issues arising out of the COVID-19 pandemic. At the hearing, the parties stipulated the court could consider the "available" portions of the record of conviction, consisting of: (1) an excerpt of the trial transcript (closing arguments and jury instructions, a colloquy regarding the jury's questions on the charges, and the reading of the verdict); (2) portions of the clerk's transcript on Tunstall's direct appeal;

2

and (3) the *Tunstall I* opinion. The parties advised the court the remaining trial transcripts had "been lost or destroyed."

At the conclusion of the hearing, the trial court denied the petition. Relying on the factual summary of the offenses recited in *Tunstall I*, the court determined Tunstall was not the shooter and did not act with express malice, but that the prosecution had established, beyond a reasonable doubt, Tunstall was a major participant in the robbery who acted with reckless indifference to human life under the factors identified in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. The court acknowledged the record was incomplete, but "nonetheless [found] there's sufficient facts to prove the case beyond a reasonable doubt by looking at the totality of the record, even given its piecemeal nature."

Tunstall appealed, raising several claims of error. During the pendency of the appeal, the Governor signed Senate Bill 775 (2021–2022 Reg. Sess.), which amends section 1170.95, effective January 1, 2022. Relevant here, Senate Bill 775 delineates the evidence that may be considered at a section 1170.95, subdivision (d) hearing held following the issuance of an order to show cause. As amended, section 1170.95, subdivision (d)(3) now provides in relevant part: "The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. . . . The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens. A finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the

3

petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3), as amended by Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.)

In his supplemental briefing, the Attorney General concedes Senate Bill 775 applies to this appeal. (See *People v. Montes* (2021) 71 Cal.App.5th 1001, 1006–1007.) The Attorney General also concedes Tunstall is entitled to a new hearing on the resentencing petition in light of that legislation because the trial court relied on facts recited in *Tunstall I* in finding him ineligible for resentencing. And as the Attorney General observes, while "this was permissible under the statute in place at the time of [Tunstall]'s hearing, it is no longer permissible" under section 1170.95, subdivision (d)(3) as amended by Senate Bill 775. We accept the Attorney General's concession. Having done so, we need not address Tunstall's other challenges to the denial of his resentencing petition.

## DISPOSITION

The order denying Tunstall's petition for resentencing is reversed. The matter is remanded. On remand, the trial court is ordered to conduct a new hearing in accordance with section 1170.95, subdivision (d)(3), as amended by Senate Bill 775.

_____

Rodríguez, J.

WE CONCUR:

_____

Tucher, P. J.

_____

Petrou, J.

A161231

5